IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARTHUR ROWLAND | CRIMINAL ACTION<br>NO. 18-00579-2 |

**PAPPERT, J.**                                                                                           **December 21, 2020**

### MEMORANDUM

Arthur Rowland moves for reconsideration of the Court's Order mandating his pretrial detention and seeks immediate release on bail. The Court denies the Motion because Rowland has not presented a compelling reason for the Court to alter its previous decision.

I

On December 12, 2018, Rowland was charged with conspiracy to distribute 500 grams or more of methamphetamine in violation of 18 U.S.C. §§ 841 and 846. (Indictment 1–4, ECF No. 1); *see also* (Superseding Indictment 1–4, ECF No. 43). He was detained pending trial after a contested hearing later that month. (Bail Status and Order, ECF No. 31); (Gov't Resp. 1–2, ECF No. 266.) [1]

On February 1, 2019, Rowland filed a counseled Motion for Revocation of his detention order. *See generally* (Mot. for Revocation, ECF No. 72). The Court denied the Motion following an evidentiary hearing, *see* (Order, ECF No. 82), and explained in a Memorandum why his pretrial release was improper. *See* (Mem., ECF No. 81). The Court incorporates that Memorandum herein.

Rowland now moves *pro se* for the Court to reconsider its Order and grant him

---

[1]    The trial has been continued due to the COVID-19 pandemic. It is currently scheduled to begin on April 5, 2021. *See* (Order for Continuance, ECF No. 263).

1

pretrial release due to the ongoing COVID-19 pandemic. (Mot. for Reconsideration 1–2, ECF No. 264.) He argues he has preexisting conditions identified by the Center for Disease Control and Prevention ("CDC") as potentially increasing his risk of serious illness from COVID-19, though he does not identify what those conditions are. (*Id.* at 1.) He does not provide a release plan in his Motion. *See generally* (*id.*).

Rowland tested positive for COVID-19 on November 16, 2020. (Gov't Resp. Ex. B, ECF No. 267). Rowland alleges he suffered from headaches, diarrhea, chest pains and shortness of breath during his illness. (Mot. for Reconsideration 1–2.) The medical records provided to the Court by the Government indicate he has recovered from the virus. *See* (Gov't Resp. Ex. B).

II

Section 3142(i) of Title 18 of the United States Code provides a "limited safety valve provision" allowing a court to re-examine a detention decision. *See United States v. Washington-Gregg*, No. 19-331, 2020 WL 1974880, at *5 (M.D. Pa. Apr. 24, 2020). Under 18 U.S.C. § 3142(i), a Court may grant temporary release if it "determines such release to be necessary for preparation of the person's defense or for another compelling reason." The defendant bears the burden of making an "individualized and specific showing of a compelling reason[]" for release. *United States v. Brown*, No. 19-259, 2020 WL 2036715, at *4 (M.D. Pa. Apr. 28, 2020). "[C]ourts have used this provision sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Hajiev*, 460 F. Supp. 3d 553, 555 (E.D. Pa. 2020) (internal quotations and citation omitted).

This Court has recognized "two guiding tenets" for reviewing § 3142(i) requests filed in response to the COVID-19 pandemic. *See United States v. Xue,* 459 F. Supp. 3d

659, 667 (E.D. Pa. 2020), *overruled on other grounds by United States v. Xue*, No. 20-2039, 2020 WL 6777547 (3d Cir. Aug. 7, 2020) (vacating order denying pretrial release). "First, Section 3142(i) motions must be considered within the larger context of the requirements of the Bail Reform Act. Second, the generalized risk of COVID-19 is not, in and of itself, a sufficient reason to justify release." *Id.*; *see also United States v. Carter*, No. 18-561-1, 2020 WL 3412571, at *5 (E.D. Pa. June 22, 2020). "[R]esolving Section 3142(i) motions requires an individual assessment of the movant's characteristics and circumstances in light of these two considerations." *Xue*, 459 F. Supp. 3d at 667.

Courts may consider four factors, among others, in re-examining a detention decision in the COVID-19 environment:

> (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*Id.* at 668 (citing *United States v. Deshields*, No. 19-cr-99, 2020 WL 2025377, at *3 (M.D. Pa. Apr. 27, 2020); *see also United States v. McGlory*, No. 2:17-CR-20489, 2020 WL 1905719, at *2 (E.D. Mich. Apr. 17, 2020). "The court will not necessarily weigh these factors equally, but will consider them as a whole to help guide the court's determination as to whether a 'compelling reason' exists such that temporary release is 'necessary.'" *United States v. Denmark*, No. 1:19-CR-15, 2020 WL 1984306, at *6 (M.D. Pa. Apr. 27, 2020).

III

A

Rowland's Motion for Reconsideration can be dismissed outright because he is not entitled to simultaneously be represented by counsel and appear before the Court pro se. *See McKaskle v. Wiggins*, 465 U.S. 168 (1984) ("A defendant does not have a constitutional right to choreograph special appearances by counsel."); *United States v. Schwyhart*, 123 F. App'x 62, 68 (3d Cir. 2005) (the Sixth Amendment does not "require a trial court to allow hybrid representation in which defendant and attorney essentially serve as co-counsel"); *Hall v. Dorsey*, 534 F. Supp. 507, 508 (E.D. Pa. 1982). Roland's Motion, however, is just as easily denied on the merits.

B

Rowland has not presented a compelling reason for the Court to grant his release. First, he does not allege any change in the facts upon which the Court based its prior conclusion that his detention was "virtually compel[led]." *See* (Mem. 5). The Court has no reason to reconsider any aspect of its prior Order or conclude that Rowland's detention is no longer consistent with the Bail Reform Act. Second, Rowland does not allege any preexisting conditions to support his claim that COVID-19 warrants his release. Rowland's concerns appear to be "based solely on the generalized risks that COVID-19 admittedly creates for all members of our society." *United States v. Denmark*, 2020 WL 1984306, at *5.

Third, Rowland's previous experience with COVID-19 does not present a compelling reason for release. This Court has only authorized pretrial release for a defendant at risk of COVID-19 reinfection where the defendant was at the "highest

4

risk" of severe illness from COVID-19 due to his medical conditions. *See United States v. Salley*, No. 19-688, 2020 WL 7024253, at *7–9 (E.D. Pa. Nov. 30, 2020).

Absent a change in circumstances warranting his detention, a particularized vulnerability to COVID-19 or a release plan tailored to mitigating COVID-19 risk, Rowland has provided no basis, medically, legally or otherwise, for the Court to amend its prior Order.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.