Arthur Rawland
U.S.M.S. 76947-066
Federal Detention Center Philadelphia
P.O. Box: 562
Philadelphia, P.A. 19106

September 9, 2021

Honorable Judge J. Pappert
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
James A. Byrne United States Courthouse
601 Market St.
Philadelphia, PA. 19106

Re: A deprivation of a liberty interest that involves atypical and significant hardship absent of due process protections.

Dear Honorable Judge Pappert,

Please accept my letter brief in lieu of a more formal submission. I am at present corresponding with your court in hopes of acquiring assistance from your Courtroom.

(1)

Currently I am being housed in the Security Housing Unit (SHU) of the Federal Detention Center Philadelphia. I have been in the SHU for approximately 4 ½ months without a incident report and placed on Administrative Segregation.

I am totally unaware of why I was confined within these restrictive measures without due process of law. The custody and administrative staff (review board) has placed me here without a hearing or explanation for the move. This deprivation is greatly weighing on my ability and constitutional rights to marshal my defense in my upcoming trial as well as my legal research and legal visits with my attorney.

In Bell v. Wolfish, 441 U.S. 520, 60 L.Ed 2d 447, 99 S.Ct. 1861 (1979), the Supreme Court held that government punishment of pretrial detainees qua detainees is impermissable. Id at 535. Our Supreme Court recognized in Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168, 9 L.Ed. 2d 644, 83 S.Ct. 554 (1963), a distinction between punitive measures and regulatory restraints.

(2)

To date the custody and administrative officials has provided no document to me or a court of law that would or could show a legitimate government purpose in this placement for 4½ months.

<u>Clearly</u> this restrictive condition that has been placed upon me is not reasonably related to a legitimate purpose or goal. In fact it is arbitrary and purposeless at best. Which a court permissibly may infer that the rational of the governmental action is punishment that may not <u>Constitutionally</u> be inflicted upon a detainee qua detainees.

Honorable Judge Pappert, my conditions have risen above inmates who are housed in the security housing unit for disciplinary segregation. Just to name a few of the restrictive measures; my door is covered at the bottom with a rubber stopper and a box, I am not allowed to go to the yard with no other inmate, I'm denied access to the law library constantly, my cell is stripped and searched on a constant basis and I am moved to a different cell every two or three days in the SHU.

(3)

I am subjected to blatant disrespect by the guards and even on one occasion my cell was tossed up and discovery disks to my criminal case was broken, preventing me from ever seeing my discovery.

Confining a detainee in such a manner as to "cause [him] to endure genuine privations and hardships [986 F. Supp. 289] over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishments. Bell, 441 U.S. at 542

Even if the decision initially was to place me in segregation to investigate me for some reason I am not at the moment privy to, that initial decision does not explain why it was administratively necessary to keep me in segregation 4½ months without a hearing being provided whatsoever, while my defense and ability to study my case suffered.

Unconstitutional punishment typically includes both objective and subjective components, as the Supreme Court explained

(4)

in *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed 271 (1991), the objective component requires an inquiry into whether the deprivations [was] sufficiently serious and the subjective component asks whether "the officials acted with a sufficiently culpable state of mind. *Id* at 298. The Supreme Court has not abandon this bipartite [2007 U.S. APP. LEXIS 12] analysis in *Bell*, but rather allowed for an inference of mens rea where the restriction is arbitrary or purposeless, or where the restriction is excessive, even if it would accomplish a legitimate governmental objective. See *Bell*, 441 U.S. at 538-539 and n.20.

Judge Pappert, thus in *Twining v. New Jersey*, 211 US 78, 101, 53 L.Ed 97, 107, 29 S.Ct. 14, it was stated that due process requires that no change in ancient procedure can be made which disregards those fundamental principles, to be ascertained from time to time by judicial action, which have relation to process of law and protect the citizen in his private right and guard him against arbitrary action of government.

(5)

In our society liberty is the norm, and detention prior to trial or without is the carefully limited exception: <u>United States v. Salerno</u>, 481 U.S. 739, 755 (1987).

  I am requesting a <u>order</u> be sent to the Federal Detention Center Philadelphia, that I be immediately released from the <u>SHU</u>. If the Governments decides to leave me in the Security Housing Unit, then I respectfully request that the Court revoke the magistrate judge order for detention under 18 U.S.C. Section 3145(b) and order that I be released under the supervision of the United States Pretrial Services with certain conditions.

  Under no circumstance can this action (arbitrary) continue and I still be afforded fairness as I am unable to prepare properly for trial. I sincerely appreciate your time and concern.

Respectfully<br>
Submitted<br>
<i>[signature]</i>

In the alternative I request to be moved to Salem County New Jersey, which houses federal inmates pretrial. Which is roughly 25 minutes from Philadelphia.

Arthur Rowland
U.S.M.S. 76947-066
Federal Detention Center Philadelphia
P.O. Box: 562
Philadelphia, P.A. 19106

PHILADELPHIA 14 SEP 2021 PM 10 L

[Clerk of Courts]
United States District Court
Eastern District of Pennsylvania
James A. Byrne Courthouse
601 Market St.
Philadelphia, PA 19106

U.S.M.S.
X-RAY

19106-178699



RECEIVED SEP 16 2021

FEDERAL ...
P.O. Box 8109
PHILA., PA 19103

DATE: 9-14-21

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL IMAGING PROCEDURES FOR FORWARDING TO YOU. THE LETTER WAS SCAN EITHER DAMAGED WAS RECEIVED. IF THE ADDRESSEE IS A QUESTION ON PLEASE P OVER WITH THE FACILITY HAS KOPIS DICTION. YOU MAY WANT TO RETURN THE MATERIAL FOR FURTHER HANDLING OR CLARIFICATION. IF THE MAILER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESS, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.