UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 18-cr-579-2 |
| | ) | |
| vs. | ) | |
| | ) | Philadelphia, PA |
| ARTHUR ROWLAND, | ) | October 18, 2021 |
| | ) | 3:59 p.m. |
| | ) | |
| Defendant. | ) | |

--------------------------------

TRANSCRIPT OF STATUS HEARING
BEFORE THE HONORABLE GERALD J. PAPPERT
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Government:        PAUL SHAPIRO, ESQUIRE
                           TIMOTHY MULLIGAN STENGEL, ESQUIRE
                           U.S. ATTORNEY'S OFFICE
                           615 Chestnut Street
                           Suite 1250
                           Philadelphia, PA  19106-4476

For the Defendant:         GUY R. SCIOLLA, ESQUIRE
                           GUY R. SCIOLLA ATTORNEY AT LAW
                           100 South Broad Street
                           Philadelphia, PA  19110

                           JOSEPH D. MANCANO, ESQUIRE
                           CEDRONE & MANCANO, LLC
                           353 West Lancaster Avenue, Su9te 300
                           Wayne, PA  19087

                           PANTELLIS PALIVIDAS, ESQUIRE
                           ELLIS LEGAL, LLC
                           100 S. Broad Street, Suite 1910
                           Philadelphia, PA  19110

Audio Operator:            JEFF LUCINI

Transcribed by:            DIANA DOMAN TRANSCRIBING, LLC
                           P.O. Box 129
                           Gibbsboro, NJ  08026-0129
                           Office:  (856) 435-7172
                           Fax:     (856) 435-7124
                           E-mail:  dianadoman@comcast.net


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

2

1                            <u>I N D E X</u>

2

3                                                    <u>PAGE</u>

4     Colloquy with Defendant                          3

5     Colloquy                                         10

6     Decision by the Court                            14

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Colloquy                                                                3

1          (The following was heard in open court at 3:59 p.m.)

2                    MR. MANCANO: -- to go forward and respond to any

3      questions that the Court may have of him.

4                    THE COURT:  I appreciate that very much.  Let's

5      swear in Mr. Rowland again.

6                         ARTHUR ROWLAND, DEFENDANT, SWORN

7                    THE COURT:  All right, Mr. Rowland, please, you've

8      had a chance to meet with Mr Mancano.  I know you've also

9      discussed the issue --

10                   THE DEFENDANT:  Yes.

11                   THE COURT:  -- from what you told me earlier today

12     at least a couple times with Mr. Sciolla.  Please, what would

13     you like to say?

14                   THE DEFENDANT:  Based on what me and him talked

15     about, I'd like to get new counsel.

16                   THE COURT:  You'd like to -- you know what, is there

17     a mike that we can just pull closer there, please.

18                   Go ahead again, please.

19                   THE DEFENDANT:  Yeah, based on what me and him

20     talked about, I would like to get new counsel --

21                   THE COURT:  So you know --

22                   THE DEFENDANT:  -- seek new counsel.

23                   THE COURT:  I'm sorry?

24                   THE DEFENDANT:  Seek new counsel.

25                   THE COURT:  All right.  And would that be, would you

Colloquy                                                4

1   be retaining new counsel or would you be looking for the Court

2   to appoint you counsel?

3            THE DEFENDANT:   Looking for the Court to appoint.

4            THE COURT:   And you understand there's paperwork you

5   would need to complete to make sure that you are eligible for

6   Court-appointed counsel, right?

7            THE DEFENDANT:   Yes.

8            THE COURT:   Okay.   And we have that paperwork, if we

9   go this route, to give you here today.

10           THE DEFENDANT:   Okay.

11           THE COURT:   Understood?

12           THE DEFENDANT:   Yes.

13           THE COURT:   Okay.   Now, obviously Mr. Sciolla has

14  been your lawyer from jump on this, right?

15           THE DEFENDANT:   Yes.

16           THE COURT:   And notwithstanding that, you know, the

17  nature of this conflict is to you so serious that you wish to

18  get an entirely new lawyer, even though that means you will no

19  longer have the benefit of Mr. Sciolla's services, correct?

20           THE DEFENDANT:   Yes.

21           THE COURT:   Okay.   And did -- I want to word this

22  without intruding into what you and Mr Mancano talked about --

23  there are certain conflicts which can be waived by someone in

24  your position, right?   You understand that?

25           THE DEFENDANT:   Yes, yes.

1          THE COURT:  That you could have a conflict that you

2    could waive --

3          THE DEFENDANT:  Okay, yes.

4          THE COURT:  -- and then still have Mr. Sciolla

5    represent you, okay?

6          THE DEFENDANT:  Yes.

7          THE COURT:  And may I assume that you and Mr Mancano

8    talked about the issue of waiving a conflict, if you could do

9    so, and --

10          THE DEFENDANT:  Yes.

11          THE COURT:  All right.  Is it your desire to waive

12    that conflict or not waive it and proceed with a new lawyer?

13          THE DEFENDANT:  Not waive it.  Proceed with a new

14    lawyer.

15          THE COURT:  Okay.  So to the extent that any

16    conflict of interest exists with respect to Mr. Sciolla's

17    representation of you, and to the extent you could waive that

18    conflict and proceed with Mr. Sciolla as your lawyer, you do

19    not wish to waive that conflict, do you?

20          THE DEFENDANT:  No.

21          THE COURT:  Okay.  And since I asked you some

22    questions earlier, I just want to be sure that we remain in

23    good shape on our record here with this.

24          Since I last spoke to you this morning, you haven't

25    taken any pills, medications or drugs of any kind, correct?

1            THE DEFENDANT:  No, Your Honor.

2            THE COURT:  And when you met with Mr Mancano, was

3    your judgment impaired in any way?

4            THE DEFENDANT:  No, sir.

5            THE COURT:  So you were able to fully understand Mr

6    Mancano's advice --

7            THE DEFENDANT:  Yers.

8            THE COURT:  -- and answer his questions?

9            THE DEFENDANT:  Yes.

10           THE COURT:  And give him your best thoughtful

11   truthful answers?

12           THE DEFENDANT:  Yes.

13           THE COURT:  Just as you're able to do that with me

14   here this afternoon?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Okay.  Obviously then to the extent that

17   you wish to seek -- excuse me -- to the extent that you wish

18   not to waive any conflicts involving Mr. Sciolla and wish that

19   I appoint you new counsel, that is going to necessitate a

20   continuance in your trial, and in effect you'd be moving for a

21   continuance of your trial, correct?

22           THE DEFENDANT:  Yes.

23           THE COURT:  I can't hear you?

24           THE DEFENDANT:  Yes, I guess.  Yes.

25           THE COURT:  Well, do you want to talk to Mr Mancano

Colloquy                                                     7

1    about that?

2          (Pause)

3          MR. MANCANO:  Your Honor, I am -- I'm not,

4    admittedly not familiar with the record in this case.  All I

5    know about the case is the information that the Court gave me,

6    and some other information that I just recently gained from

7    Mr. Sciolla, you know, about the history of the case.

8          But as I understand it, this case has been pending

9    for some time and I don't know whether or not there's speedy

10   trial issues, if the trial were to get continued.  And I think

11   that Mr. Rowland may have concern, some concerns about that,

12   about those issues, and I don't, I don't want to be in a

13   position where I'm expressing an opinion about who bears the

14   responsibility for the delays here, but I just bring that

15   issue to the Court's attention, that there might be some

16   speedy trial issues, and to the extent that Mr. Rowland is

17   asked to waive those, he may need advice from counsel on that.

18         THE COURT:  Okay.  Perfectly understandable

19   position, and I'll invite the Government's response.  I mean,

20   Mr. Rowland to my mind, you're asking for a new lawyer.

21   Obviously that's going to necessitate a continuance in your

22   trial.

23         You have an opportunity, if you're concerned about

24   speedy trial issues, to have Mr Palividas step in and

25   represent you.  He's been on your counsel team for a very long

1   time, and the jury is ready to return here at 9:30 tomorrow

2   morning.

3            THE DEFENDANT:  I did not -- I never really met with

4   him.  He was my IT -- he was hired by Guy Sciolla as the IT

5   guy so I wouldn't be comfortable with going forward with him.

6            THE COURT:  Okay.  Well, he is entered as a lawyer.

7   He is your counsel, so --

8            THE DEFENDANT:  I feel Guy Sciolla is my counsel.

9            THE COURT:  Okay.  So you don't want to go forward

10  with Mr Palividas.  You want me to appoint you a new lawyer.

11  You know that will entail a great bit of delay that will force

12  a continuance in your trial.  Yet you want to have it both

13  ways and say that you're not moving for a continuance, right?

14  And I'm suggesting maybe you can't do that.

15           THE DEFENDANT:  I don't understand, what did you

16  say?  Can you say that again?  You said I haven't --

17           THE COURT:  Say it again, Your Honor.

18           THE DEFENDANT:  Say it again, Your Honor.

19           THE COURT:  Please.

20           THE DEFENDANT:  Please.

21           THE COURT:  Thank you.  What I'm saying is that you

22  have a lawyer who's been a member of your defense team for

23  years.  We have a jury ready to come back tomorrow and proceed

24  with the case.  So if you're concerned about your speedy trial

25  rights, we can address that in that fashion.

Colloquy                                        9

1    But it seems to me that you can't ask for

2    appointment of new counsel knowing that that's gonna take some

3    time and yet say that that's not asking for a continuance.

4    And Mr Mancano is correct, he kind of got dropped into the

5    middle of this and he said what a good lawyer should say.  But

6    I'm asking you.

7          THE DEFENDANT:  So you're saying it's my fault, Your

8    Honor?

9          THE COURT:  I didn't use those words, but we would

10   be delaying the trial at your request.  Yes.  Did you think

11   about that one?

12         THE DEFENDANT:  No, I didn't spend none of this

13   today, yesterday or none of this, this has all got dropped on

14   my lap.

15         THE COURT:  You and me both.

16         THE DEFENDANT:  So it's nothing I planned out, just

17   is happening, Your Honor.

18         THE COURT:  All right, I understand.

19         Mr. Shapiro, I don't know what the speedy trial

20   issues are.  I believe it's my view that we would be in

21   essence granting Mr. Rowland's request for a continuance, and

22   that obviously given the nature of the issue, that a

23   continuance would outweigh the public interest in a speedy

24   trial, to the extent there are even any speedy trial issues,

25   and there may very well not be.  Okay?  Your thoughts?

1          MR. SHAPIRO:  Offhand, I too don't know what the

2     speedy trial clock looks like in this case.  There have been a

3     series of continuances.  But it may very well be that given

4     all those continuances there's not a speedy trial issue.

5          That having been said, and it's implicit in

6     everything that in your conversation with Mr. Rowland, but

7     just so that it's very clear to Mr. Rowland.  If there is a

8     new lawyer appointed, that lawyer is gonna have to become

9     familiar with the case in order to provide adequate

10    representation, which of course Mr. Rowland wants and everyone

11    else wants on his behalf.

12         THE COURT:  All right.

13         MR. SHAPIRO:  And in order to do that, given how

14    much discovery there is and given the nature of the evidence

15    in this case, that person is gonna need a fair amount of time

16    to get up to speed.  So you can't have somebody appointed

17    today and in a position to take over the trial tomorrow.  So

18    that --

19         THE COURT:  I don't know, Mr Mancano got down here

20    pretty fast today.  He could do it.

21         MR. SHAPIRO:  And as wonderful as he is, I'm sure

22    even he just wouldn't have the time, if he devoted every

23    waking second between now and then, to familiarize himself

24    with the issues and the evidence and the exhibits.

25         THE COURT:  Okay.

1      MR. SHAPIRO:  And as the Court knows we were

2   prepared to begin today.  There's two notebooks of evidence

3   sitting, waiting for counsel.  So even just to absorb the

4   exhibits is gonna take a substantial amount of time, much less

5   all of the prior proceedings.

6      So my point simply is that while Mr. Rowland's point

7   is well taken, which is that he didn't expect this to come up,

8   and indeed nobody expected it to come up, it has, and so that

9   means that the alternatives are to go forward or not go

10   forward.  Those are the only two.

11      And the consequence of Mr. Rowland exercising his

12   right to ask for a new counsel is that going forward tomorrow

13   is just not a possibility.

14      So, the interests of justice would require then that

15   the Court continue the matter and appoint new counsel and give

16   that counsel an opportunity to get themselves up to speed so

17   that Mr. Rowland could be appropriately represented at the

18   trial.

19      THE COURT:  I agree.  Look, I understand Mr

20   Mancano's position, and I understand Mr. Rowland to not be

21   waiving anything, whatever it might be, and that's fine and

22   that's your right.  I think the prosecutor is correct in the

23   sense that to the extent that you wish to have new counsel,

24   that does necessitate a continuance, and any time that we need

25   to continue the trial to get you a lawyer that you have full

Colloquy                                    12

1   confidence in would be excludable time for purposes of speedy

2   trial and that I can find and do find that a continuance in

3   this matter would outweigh the public's interest in a speedy

4   trial.  And we'll address that accordingly, okay?

5            THE DEFENDANT:  Okay.

6            THE COURT:  Well, look, this all started when the

7   Government brought concerns about all the underlying facts

8   that we've talked about now since Friday afternoon, to my

9   attention on Friday afternoon.  Mr. Rowland met with Mr.

10  Sciolla.  They discussed these issues at least twice.  Mr.

11  Rowland does, as his right to do, asked for conflicts counsel

12  to advise him.  The Court was very lucky to get someone like

13  Mr Mancano to come down and advise him.  That has happened.

14           Mr. Rowland, based on that advice, based on his

15  discussions with Mr Mancano and based on his own feelings, has

16  requested new attorney.

17           THE DEFENDANT:  Yes.

18           THE COURT:  Go ahead.

19           THE DEFENDANT:  This is all -- I been ambushed by

20  all this.  Like I don't understand how this is on me and I

21  gotta go with an attorney that I'm not familiar with it, and

22  it's like my fault.  I didn't, I didn't -- I was expecting to

23  go to trial today.

24           THE COURT:  Yeah, we all were.  I know, I hear you.

25           THE DEFENDANT:  Like I'm saying --

1          THE COURT:  Mr. Rowland, it's not that anything is

2    your fault.  It's just, as the Government points out, the

3    inevitable consequence of you needing a new lawyer in order

4    that you're represented by competent, informed and prepared

5    counsel is that we continue the trial.

6          THE DEFENDANT:  Yes.

7          THE COURT:  And that the time between now and

8    whenever your trial starts is gonna be excluded under the

9    Speedy Trial Act so that you can't come back and say hey, you

10   ran out of time with trying me.

11         THE DEFENDANT:  Okay.

12         THE COURT:  So nothing's your fault.

13         THE DEFENDANT:  Okay.

14         THE COURT:  You understand that distinction?

15         THE DEFENDANT:  Yes.  Can I ask him something?

16         THE COURT:  Yes, of course.

17      (Pause)

18         MR. MANCANO:  Bear with me, Your Honor.

19         THE COURT:  Absolutely.

20      (Pause)

21         THE COURT:  Sir.

22         MR. MANCANO:  Yes, sir, Your Honor.  I think it

23   would be helpful if the record could be clear that any speedy

24   trial -- I understand the Court is making a finding.

25         THE COURT:  To the extent I even need to, frankly,

Colloquy                                    14

1    yes.

2              MR. MANCANO:  To the extent that you need to.  But

3    we'd just like the record to be clear that Mr. Rowland has not

4    waived any Speedy Trial Act arguments that he may have, and

5    that his new counsel may decide to raise.

6              THE COURT:  That was implicit in my comment.  I

7    understand.  And the Government understands that as well.

8              MR. MANCANO:  Thank you, Your Honor.

9              THE COURT:  You're welcome.  All right, Mr. Rowland?

10             THE DEFENDANT:  Yes.

11             THE COURT:  So I was giving it the big windup there

12   when you waved your hand.

13             THE DEFENDANT:  I'm sorry, Your Honor.

14             THE COURT:  That's all right.  So I got to figure

15   out where I was.

16             Based on the advice that you've been given, and

17   based on what you would like to do going forward, and based on

18   the fact that there is a at least potential conflict which

19   could impact your constitutional rights, I'm gonna grant your

20   request.  And the Court will, Mr. Lucini has a form we'll have

21   you fill out while we're all here, all right --

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  -- to see if you qualify for a Court-

24   appointed counsel.  If you do, I will then appoint you a

25   lawyer from the Civil Justice Act Panel, all right?  And that

Colloquy                                    15

1   person will be your lawyer.

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Understood?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Okay.  And I don't know, you know, Mr

6   Mancano, whether you'd be willing to consider that role, I'm

7   not putting you on the spot at all, if the answer is no it's

8   no and that's great.  Also whether your role as conflicts

9   counsel here would prevent any impediment to that even if you

10  wanted the assignment, or whether, you know, that's something

11  that you're willing to consider, and you needn't give me an

12  answer now, but certainly if -- we'll be looking to appoint

13  counsel quickly.  If it's something that you are willing and

14  able to do, we'd be happy to appoint you, given the

15  familiarity you've developed with Mr. Rowland, or we'll simply

16  appoint counsel from the CJA Panel list.

17             MR. MANCANO:  Your Honor, although I certainly would

18  not reject an appointment, I don't have the scheduling

19  flexibility to jump onto the case right away and to be

20  available to try the case within a reasonable period of time.

21  And as I understand it, Mr. Rowland has already been in

22  custody for a couple of years I think.

23             THE COURT:  Yes, correct.

24             MR. MANCANO:  And he would have to remain in custody

25  for a number of months before I could be available.  So

Colloquy                                     16

1   although I would appreciate -- I appreciate the Court's

2   consideration --

3                THE COURT:  Sure.

4                MR. MANCANO:  -- I don't think I can do it.

5                THE COURT:  I appreciate your candor, and I fully

6   understand, and you touched on a good point that's related to

7   what we were just going over.

8                Mr. Rowland, it's gonna be my desire to get someone

9   appointed to you as soon as possible and to get this case

10  tried as soon as possible.

11               THE DEFENDANT:  Thank you, Your Honor.

12               THE COURT:  Okay?

13               THE DEFENDANT:  Yes.

14               THE COURT:  All right.  So all right, so what we

15  will do is Mr. Lucini will give you the paperwork which you

16  can fill out now while we're here and then we will, if you

17  qualify, appoint you someone from the CJA Panel as promptly as

18  possible.

19       (Pause)

20               THE COURT:  Great.  So Mr. Rowland, if you qualify,

21  I pledge to you we're gonna get on this right away.  Okay?

22               THE DEFENDANT:  Okay, thank you, Your Honor.

23               THE COURT:  Yes, sir.  And is there anything further

24  from the Government?  We will -- the jury was never sworn.  We

25  will simply dismiss the jurors and continue the trial

1    accordingly.  Is there anything further, Mr Mancano, anything

2    you would like to further speak to?

3              MR. MANCANO:  No, Your Honor.

4              THE COURT:  Okay.  Mr. Rowland, is there anything

5    else you'd like to say?  Do you have any questions for Mr

6    Mancano while he's here or any questions for me while I'm

7    here?

8              THE DEFENDANT:  Where will I meet with my attorney

9    and how long will that take?

10             THE COURT:  Well, we'll get someone appointed, and

11   then depending on that lawyer's schedule, as soon as possible.

12   When we talk to that person, I'll give him the history and my

13   desire to have the case moved as quickly as possible.

14             THE DEFENDANT:  I just want to say, Your Honor, I

15   apologize to the Court.  I don't want you to think I'm playing

16   any games.  I wanted this over today.  I got ambushed by this.

17             THE COURT:  I understand.

18             THE DEFENDANT:  And it's like you upset with me,

19   Your Honor, but I didn't do anything.

20             THE COURT:  I understand, I understand.  You didn't

21   need to say that, but I appreciate it.

22             THE DEFENDANT:  I'm sorry, Your Honor.

23             THE COURT:  I appreciate that.  Thank you very much.

24             To answer your question, the way this typically

25   works is we're gonna find someone from that list that we think

1  would be good for you, and it may -- we may get someone right

2  away, we may get someone who's a busy lawyer like Mr Mancano

3  who'd say I'd love to help you, Judge, but I can't get to it

4  till May in which case we're gonna move on to the next name,

5  all right?  But all we can do is try to get a good person for

6  you who has availability in the very reasonable near future.

7  The Government, I'll talk to them about their trial schedules

8  but obviously they'll be prepared to try the case whenever,

9  but I want to move this as quickly as we can.  You know I was

10  frustrated the two postponements we had before COVID hit,

11  right?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  We've all gotten hit with issues at the

14  last minute now three times, right?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  So I'm as frustrated as you, trust me.

17         THE DEFENDANT:  It's just I don't understand why --

18  to start trial -- like were they trying to make me go with

19  Mr. --

20         THE COURT:  Well, it was an option for you.  I

21  wasn't gonna force it on you, but it was an option for you.

22  But you've spoken your peace on that, I get you.  And I'm

23  agreeing with you, so we're good.

24         This is a very unfortunate issue that ambushed all

25  of us, me too.  Okay?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  But we just work through it in a way

3     that best protects your rights, all right?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Okay.  Is there anything further from

6     the Government?  Okay.

7          We're adjourned.  We'll dismiss the jurors.  We'll

8     continue the trial.  Mr. Lucini and I will work to find new

9     counsel from the CJA Panel and we will keep everybody

10    informed.  As soon as we can do that, we're gonna get to work

11    on that right away.  And then find a case, find a time frame.

12    Might this have shortened the case a little bit, so maybe a

13    week trial, perhaps not including jury selection, or -- not

14    holding you to it obviously.

15          MR. SHAPIRO:  I'm sorry, Your Honor.  I'm thinking

16    it's gonna be about a week.

17          THE COURT:  Okay.

18          MR. SHAPIRO:  If we pick the jury like as you did in

19    this case in advance, then obviously it makes that easier.

20          THE COURT:  All right.  So Mr. Rowland, that could

21    make it easier to find someone too, you know, if we can tell

22    them it's not gonna be a six-month trial, right?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  All right.  Okay.

25          MR. SCIOLLA:  Judge, might I just raise our

1    withdrawal for the record, we're withdrawn.

2              THE COURT:  Okay, thank you.

3              MR. SCIOLLA:  Thank you, sir.

4              THE COURT:  All right.  We're adjourned and we'll

5    keep everybody posted.  We'll get back to work.  And Mr

6    Mancano, I can't thank you enough.

7              MR. MANCANO:  You're welcome, Your Honor.

8              THE COURT:  For everything.  Thank you very much.

9         (Hearing concluded at 4:25 p.m.)

10                        * * * *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          **C E R T I F I C A T I O N**

2

3              I, Sandra Carbonaro, court approved transcriber,

4      certify that the foregoing is a correct transcript from the

5      official electronic sound recording of the proceedings in the

6      above-entitled matter.

7

8

9      ___/s/Sandra Carbonaro_____

10     SANDRA CARBONARO

11

12     Diana Doman Transcribing, LLC          ____10/27/21_____

13     AGENCY                                 DATE

14

15

16

17

18

19

20

21

22

23

24