IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 18-579-2 |
| ARTHUR ROWLAND | : | |

_____

# O R D E R

**AND NOW**, this _____ day of February, 2022, upon consideration of the Defendant's Motion to Dismiss the Indictment for Violations of His Speedy Trial Rights under the Sixth Amendment, it is hereby **ORDERED** that the motion is **GRANTED**. The Indictment is **DISMISSED WITH PREJUDICE.**

                **BY THE COURT:**

                **THE HONORABLE GERALD J. PAPPERT**
                **United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal No. 18-579-2 |
| ARTHUR ROWLAND | : |

_____

DEFENDANT ARTHUR ROWLAND'S MOTION TO DISMISS THE INDICTMENT WITH
PREJUDICE FOR VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL

Defendant Arthur ROWLAND, through his attorney Richard J. Fuschino, for the reasons set forth in the accompanying memorandum of law, hereby moves this honorable Court to enter an order dismissing the indictment against him with prejudice on the grounds that the Government has violated his constitutional right to a speedy under the Sixth Amendment.

Respectfully submitted,

/s/ Richard J. Fuschino, Jr.
RICHARD J. FUSCHINO, JR.
Attorney for Arthur Rowland

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal No. 18-579-2 |
| ARTHUR ROWLAND | : |

_____

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ARTHUR ROWLAND'S MOTION TO DISMISS THE INDICTMENT WITH PREJUDICE FOR VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL

*Procedural History*

The Grand Jury returned an Indictment against Arthur Rowland on December 12, 2018, charging him with conspiracy to distribute 500 grams or more of methamphetamine. (Doc. No. 1). On January 9, 2019, a superseding indictment was returned charging Mr. Rowland with additional drug offenses, as well as possession of a firearm in furtherance of a drug-trafficking crime and possession of a firearm by a felon, as well as aiding and abetting. (Doc. No. 43). Mr. Rowland was ordered detained pending trial, and filed several motions to reconsider that order or to otherwise be released but has been detained since his arrest. Moreover, on March 13, 2020, Chief Judge Juan R. Sanchez issued a standing order for the Eastern District of Pennsylvania addressing the continuance of jury trials due to the exigent circumstances created by Covid-19. Mr. Rowland makes this motion based on the totality of the delay in his trial date, but submits the focus of this inquiry involves continuances to trial for January 6, 2020 (ordered at Doc. No. 184) and on October 15, 2021 (Ordered at Doc. No. 351). In total, 38 months will have passed since Mr. Rowland has been accused of this crime and trial is currently scheduled to begin February 14, 2022.

*Discussion*

The Sixth Amendment guarantees the accused the right to a speedy trial in all criminal prosecutions. U.S. CONST. amend. VI; see also Doggett v. United States, 505 U.S. 647, 651 (1992).

The Supreme Court has explained that the Speedy Trial Clause is "designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." United States v. MacDonald, 456 U.S. 1, 8 (1982).

To determine whether the constitutional right to a speedy trial has been violated, courts consider the following four factors: "(1) the length of the delay before trial; (2) the reason for the delay and, specifically, whether the government or the defendant is more to blame; (3) the extent to which the defendant asserted his speedy trial right; and (4) the prejudice suffered by the defendant." United States v. Velazquez, 749 F.3d 161, 174 (3d Cir. 2014) (citing Barker v. Wingo, 407 U.S. 514, 530-32 (1972)). The test should be applied flexibly, based on the circumstances of the case, and no single factor is necessary or sufficient to the finding of a speedy trial violation. Barker, 407 U.S. At 533.

The first factor of the Barker test consists of two separate steps. Doggett, 505 U.S. at 651. First, to trigger a full speedy trial analysis, a defendant must assert that the delay in his case is uniquely long. Id. at 651-52 (explaining that the accused "cannot complain that the government has denied him a `speedy' trial if it has, in fact, prosecuted his case with customary promptness"). Second, if the delay is sufficiently lengthy to trigger a full Barker analysis, the length of the delay is separately weighed in that analysis. Hakeem v. Beyer, 990 F.2d 750, 760 (3d Cir. 1993).

The Supreme Court has noted that, "[d]epending on the nature of the charges, the lower courts have generally found postaccusation delay `presumptively prejudicial' at least as it approaches one year." Doggett, 505 U.S. at 652 n.1. In a complex case, as opposed to a case of "ordinary street crime," a longer delay may be tolerated. Barker, 407 U.S. at 531. The Third Circuit has repeatedly noted that a delay of fourteen months is long enough to trigger further Barker analysis. See Hakeem, 990 F.2d at 760; U.S. ex rel. Stukes v. Shovlin, 464 F.2d 1211, 1214 (3d Cir. 1972). [P]retrial delay is often both inevitable and wholly justifiable. Doggett, 505 U.S. at 656. However, "once [the] threshold [triggering

the Barker analysis] has been passed, `the state, not the prisoner, bears the burden to justify the delay.'" Velazquez, 749 F.3d at 174 (quoting Hakeem, 990 F.2d at 770). As noted above, Mr. Rowland's overall delay, albeit including time where courts were significantly limited due to COVID-19 and the Chief Judge's standing order (and subsequent extensions) will total 38 months on February 14, 2022, when his trial is scheduled to begin.

The second factor, which party principally bears responsibility for the delay, is the "flag all litigants seek to capture." United States v. Loud Hawk, 474 U.S. 302, 315 (1986). Courts must consider each cause of the delay, and must assign responsibility for each period of delay to either the government or to the defendant. Id. Depending on the nature of the delay's cause, the Court may weigh the delay heavily or lightly against the responsible party. Id. As to delays caused by the government, the Supreme Court has instructed that "[a] deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government," while a "valid reason, such as a missing witness, should serve to justify appropriate delay." Barker, 407 U.S. at 531. "A . . . neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." Id.

As indicated above, the focus of Mr. Rowland's claim lies in two continuances taken from the totality of the 38 months for which he has been held in custody awaiting trial. First, Mr. Rowland specifically attributes the delay of the January 6, 2020 trial date (ordered at Doc. No. 184) to the Government. In essence, the Court granted a delay for that trial date for two reasons, neither of which is attributable to the defendant and which Mr. Rowland suggests should weigh heavily against the Government. First, codefendant Danielle Bradford had an initial appearance after the superseding indictment on December 13, 2019, just three weeks before trial was set to begin, and notably, with the Christmas and New Years holidays in between. Secondly, and far more importantly to this inquiry, the Government made the Court aware of a substantial amount of potential discovery on December 23,

2019.  Mr. Rowland submits that this discovery, while voluminous, is all but tangentially related to the facts in his trial.  The delay that resulted from the production this tremendous amount of data did nothing to advance either the Government's burden of proof, nor did contain any Brady material, impeachment material, or anything of evidentiary value that could assist in the defense's case.

Second, Mr. Rowland contends that the delay of the October 15, 2021 trial date (ordered at Doc. No. 351) should weight heavily against the Government.  Specifically, the defendant contests that a fair reading of the transcript for this continuance shows that the Government was aware of any potential conflict arising with Mr. Rowland's attorney several years, and insisting that a conflict arose at the 11th hour created an undue delay, and a substantial prejudice to the defendant.

The defendant's assertion of or failure to assert his right to a speedy trial is the third factors to be considered in determining a violation of a speedy trial right. Barker, 407 U.S. at 528. A defendant who fails to assert his speedy trial right has not necessarily waived it; however, such a failure "will make it difficult for a defendant to prove that he was denied a speedy trial." Id. at 532. The Third Circuit has instructed that, "while the defendant bears `some responsibility to assert a speedy trial claim,' the prosecution retains the burden to show the knowing and voluntary waiver of a fundamental right. . . . Thus a defendant's limited responsibility to assert his speedy trial right exists alongside the government's overarching burden to prove waiver of that fundamental right." Velazquez, 749 F.3d at 182 (quoting Barker, 407 U.S. at 529).

Depending on the nature of the defendant's assertions, courts may assign them more or less weight. Courts look for defendants to assert their speedy trial rights in a "timely and proper" manner. Hakeem, 990 F.2d at 764. Evidence that the defendant "vigorously pursued a speedy trial" is afforded more weight, while assertions made while the defendant's other behavior evidences an unreadiness to proceed to trial are assigned minimal weight. Id. at 764-65 (internal citations omitted). When a defendant is represented by counsel, "he should identify `a motion or some evidence of direct instruction to counsel to assert the right at a time when formal assertion would have some chance of

success.'" Battis, 589 F.3d at 681 (internal citation omitted). Less formal assertions, such as correspondence addressed to the Court, are weighed less heavily for represented defendants. Id. In this instance, Mr. Rowland, in his own way, addressed his speedy trial right first through counsel in a request for reconsideration of detention and request for expedited hearing (Doc. No. 72) and then in pro se letters to the Court, first in a motion to reconsider his detention and explaining that he was diagnosed with Covid-19 (Doc. No. 264), and again in a pro se letter from September of 2021 describing the housing conditions he was in at the federal prison (Doc. No. 314).

      Lastly, Mr. Rowland must show that he has suffered some prejudice as a result of the delay in bringing his case to trial. The Supreme Court has outlined two ways in which defendants can demonstrate that they were prejudiced by a delay. Battis, 589 F.3d at 682. First, a defendant may attempt to demonstrate that he suffered "specific prejudice" from the delay. Id. Specific prejudice occurs when the delay impinges upon one of the interests protected by the Speedy Trial Clause: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker, 407 U.S. At 532.

      However, the Supreme Court in Doggett recognized that "consideration of prejudice is not limited to the specifically demonstrable, and . . . affirmative proof of particularized prejudice is not essential to every speedy trial claim." 505 U.S. at 655. The Court further explained that "impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can rarely be shown." Id. Because of this, courts "generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." Id. In this category of case, where so much time has passed that prejudice to a defendants case is likely unknowable, prejudice is presumed. See Velazquez, 749 F.3d at 175 ("Negligence over a sufficiently long period can establish a general presumption that the defendant's ability to present a defense is impaired, meaning that a defendant can prevail on his claim despite not having shown specific prejudice."). "This presumption of prejudice can be mitigated

by a showing that the defendant acquiesced in the delay, or can be rebutted if the Government affirmatively prove[s] that the delay left [the defendant's] ability to defend himself unimpaired.'" Battis, 589 F.3d at 682 (quoting Doggett, 505 U.S. at 658 & n.1).

As Mr. Rowland indicated in the pro se correspondence to the Court addressed earlier, as a result of the delays in his case, he suffered COVID-19 while incarcerated. Additionally, and inexplicably, he also reports to the Court that he was placed in the special housing unit, effectively on round-the-clock lockdown, beginning four-and-a-half months before his September letter to the Court, despite not having any infractions or internal hearings.[1] The combination of the well-known limitations on prisoners due to COVID-19, such as lockdowns and limited or eliminated social visits, and the additional ordeal of being placed in special housing since the Spring of 2021, is a substantial prejudice to Mr. Rowland, separate and apart from the otherwise difficult and unprovable prejudice from the overall delay.

*Conclusion*

For the forgoing reasons, Mr. Rowland submits that in balancing the factors in determining the violation of his speedy trial rights, it is appropriate to dismiss this case with prejudice.

---

[1] As of February 1, 2022, Mr. Rowland reports he is still in special housing without explanation.