IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 18-579-2 |
| v. | : | |
| ARTHUR ROWLAND | : | |

### ORDER DENYING MOTIONS TO SUPPRESS

AND NOW, on this _____ day _____, 2022, upon consideration of the defendant's motion to relitigate his previously withdrawn suppression motion (Docket No. 389), and the government's opposition thereto; and for good cause shown;

IT IS ORDERED that the defendant's motion be and hereby is DENIED as having been waived through the defendant's intentional relinquishment of a known right when he withdrew from consideration his then-pending motions to suppress.

IT IS FURTHER ORDERED THAT, in the alternative, were the Court to address the merits of the waived motions to suppress originally filed at Docket No. 98, the Court would also deny them on the merits.

BY THE COURT:

_____
HONORABLE GERALD J. PAPPERT
*United States District Court Judge*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 18-579-2 |
| v. | : | |
| ARTHUR ROWLAND | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT ROWLAND'S MOTION TO REFILE HIS WITHDRAWN SUPPRESSION MOTIONS.**

The United States of America, by its undersigned attorneys, Jennifer Arbittier Williams, United States Attorney for the Eastern District of Pennsylvania, and Paul G. Shapiro and Timothy M. Stengel, Assistant United States Attorneys, respectfully submit this response in opposition to defendant Arthur Rowland's motion to refile and relitigate his previously withdrawn motions to suppress evidence.

**STATEMENT OF PROCEDURAL HISTORY**

On February 1, 2019, defendant Arthur Rowland filed a motion to suppress evidence derived from: (1) the execution of a search warrant at an apartment for which defendant he was the registered tenant, Unit #14Q, 3900 Ford Road, Philadelphia, Pennsylvania (the "Ford Road Residence"); and (2) a series of four court-authorized interceptions of electronic evidence (Docket No. 98).

On October 1, 2019, the government filed a sealed opposition (Docket No. 101), addressing the merits of both of defendant Rowland's suppression motions.[1]

When the parties appeared for argument on the defendant's motions, the defendant's counsel immediately advised the Court that the defendant wished to withdraw his motions. *See* TR (11-4-2019), p. 3. Counsel explained that the withdrawal was prompted by strategic considerations that rendered such a course in Mr. Rowland's best interests. *Id.* at pp. 3-4. Counsel also squarely disclaimed any ability to raise the withdrawn motions again. *Id.* at pp. 4-5. The Court therefore entered an order denying Rowland's motions as moot in view of his waiver (Docket No. 122).

On February 5, 2022, Rowland filed a motion to refile and relitigate his previously withdrawn suppression motions (Docket No. 389). The government submits this opposition to that motion.

---

[1] The government's opposition to the suppression motions was filed under seal because it discussed the contents of sealed wire-tap applications. This response incorporates the government's earlier opposition only by reference because that opposition already appears on the Court's sealed docket. However, for the convenience of the Court and counsel, the government includes a copy of that sealed opposition with the courtesy copies of this filing.

## THE DEFENDANT WAIVED HIS SUPPRESSION MOTIONS

A defendant's decision to intentionally relinquish or abandon a known right results in a "waiver" of that right. *United States v. James*, 955 F.3d 336, 344 (3d Cir. 2020). "When a right or rule is waived, 'an appeal based on a non-adherence to the legal principle is precluded.'" *Id., quoting Virgin Islands v. Rosa*, 399 F.3d 283, 290 (3d Cir. 2005). Likewise, absent exceptional circumstances, "when there is a waiver, [the court] conduct[s] no further analysis of the claimed error." *United States v. Desu*, 2020 WL 5630003, at *7 (D.N.J. Sept. 21, 2020), *aff'd*, 23 F.4th 224 (3d Cir. 2022) (brackets in original).

Here, Rowland not only knew of his right to file a motion to suppress, but availed himself of that right raising two separate issues. After receiving the government's response, Rowland made a strategic decision to withdraw his pending motions from consideration. Indeed, Rowland resisted any effort to permit consideration of the fully briefed issues on their merits, telling the Court that it was without authority to "force the defendant to go forward with a motion that he withdraws," and that "the ultimate option belongs to the accused." TR (11-4-2019), p. 5.

If ever there was an intentional relinquishment by a defendant of a known right, it was in Rowland's withdrawal of his motions to suppress on November 4, 2019. Thus, those issues were waived, and should not be subject to reconsideration by the Court. *See Desu*, 2020 WL 5630003, at *7 (finding waiver

3

where defense counsel not only failed to object to the submission of an exhibit to the jury, but actually certified that the exhibit had been reviewed and that it should be given to the jury).

## THE GOVERNMENT INCORPORATES BY REFERENCE ITS PREVIOUSLY FILED OPPOSITION

In the event that this Court elects to consider Rowland's withdrawn suppression motions, whether entirely on the merits or in the alternative, the government incorporates by reference its previously filed response at Docket No. 101, including its arguments addressed to: (i) lack of standing; (ii) the presence of probable cause to support the search warrant; (iii) good faith reliance on the search warrant; (iv) that the challenged wiretap application properly established necessity; and (v) good faith reliance on the wiretap application and orders.

## CONCLUSION

For the foregoing reasons the government respectfully requests that the Court deny defendant Arthur Rowland's motions to suppress evidence obtained from the search of the Ford Road Residence and from the interception of Banks electronic and wire communications.

        Respectfully submitted,

        JENNIFER ARBITTIER WILLIAMS
        United States Attorney


        *s/ Paul G. Shapiro*
        PAUL G. SHAPIRO
        TIMOTHY M. STENGEL
        Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing government's opposition to defendant's motion to suppress was filed electronically, is available for viewing and downloading from the Electronic Case Filing system, and was served by email upon:

        Richard J. Fuschino, Jr., Esquire
        Law Office of Richard J. Fuschino
        1600 Locust St
        Philadelphia, PA 19103
        rjf@fuschinolaw.com
        **Counsel for Defendant Arthur Rowland**

        *s/ Paul G. Shapiro*
        Assistant United States Attorney

DATED: February 7, 2022